UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TERRENCE FISHER, JOSEPH JENNINGS, PAULA MOORE, and LARRY BOYLEN, Individually and as Representatives of a Proposed Class, <br><br> Plaintiffs, <br><br> v. <br><br> KADANT, INC., et al. <br><br> Defendants. | * * * * * * * * * * * * * | Civil Action No. 07-12375-JLT |

MEMORANDUM

March 3, 2009

TAURO, J.

I.  Introduction

Before this court is Plaintiffs' Renewed Motion to Amend Terminated Case and for Leave to Amend Complaint [#51]. For the following reasons, Plaintiffs' Motion is DENIED.

II. Background

On November 19, 2008, this Court dismissed all counts of Plaintiffs' Complaint for failure to state a claim. In the final line of Plaintiffs' brief opposing Defendants' Motion to Dismiss, Plaintiffs had stated simply, "If and to the extent that this Court finds the Complaint deficient in any respect, Plaintiffs request leave to amend to plead additional facts to cure any deficiency."[1] In dismissing the case, this court did not grant Plaintiffs leave to amend the Complaint.

After dismissal, Plaintiffs first filed a Motion to Amend Terminated Case and for Leave to

---

[1] Pls.' Mem. Opp'n Mot. Dismiss 24–25.

File Amended Complaint on December 4, 2008. Even after having the Complaint dismissed in its entirety, Plaintiffs' initial Motion simply asserted that Plaintiffs were "able to address many, if not all, of the deficiencies" of the Complaint, without providing a proposed amended complaint or any new allegations whatsoever.[2] Having no way to determine whether an amended complaint would fare any better, this court denied Plaintiffs' Motion to Amend without prejudice to filing a renewed motion supported by a Proposed Amended Complaint. On January 27, 2009, Plaintiffs filed the instant Motion with the Proposed Amended Complaint attached.

II.     Discussion

Because Plaintiffs initially raised the possibility of amending the Complaint before dismissal, this court treats Plaintiffs' Motion as a Rule 15(a) motion to amend the pleadings before judgment.[3] The decision whether to allow a Rule 15(a) motion is committed to the district court's discretion.[4] Although Rule 15(a) reflects a "liberal amendment policy," grounds for denial include "undue delay, bad faith, dilatory motive of the requesting party, repeated failure to cure deficiencies, and futility of amendment."[5] "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)."[6]

   A.     Kadant, Inc.

---

[2] Pls.' Mot. Amend 3.

[3] See U.S. ex rel. Rost v. Pfizer, Inc., 507 F.3d 720, 734 (1st Cir. 2007) (deeming even a "passing reference to a request for leave to amend" made in opposition to a motion to dismiss a Rule 15(a) motion).

[4] Sheehan v. City of Gloucester, 321 F.3d 21, 26 (1st Cir. 2003).

[5] Rost, 507 F.3d at 733–34.

[6] Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006).

This court previously dismissed all Plaintiffs' claims against Defendant Kadant, Inc. for failure to plead a proper factual basis for piercing the corporate veil. Although the Proposed Amended Complaint does offer some new allegations purporting to justify piercing, Plaintiffs have still failed to demonstrate the gross inequity required by the strict pleading requirements of Massachusetts corporate law.

In dismissing Plaintiffs' action, this court held that the "Complaint's failure to allege that Plaintiffs were ever confused about the manufacturer of GeoDeck" was "fatal" to Plaintiffs' piercing claims.[7] Plaintiffs now attempt to rectify this crucial deficiency with a vague allegation that the GeoDeck warranty created "significant confusion on the part of consumers as to the identity of the manufacturer."[8] That consumers generally may have been confused by the GeoDeck warranty does not amount to an allegation that these particular Plaintiffs were themselves confused about who warranted the product. Plaintiffs could have easily stated that they were confused by the warranty if they intended to include themselves in the term "consumers."[9] Having failed to do so after this court's specific holding that such an allegation was required to state a claim against Kadant, Inc., Plaintiffs' piercing allegations remain insufficient to state a claim.

---

[7] Mem. Dismissal 9 (citing Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 129 (1st Cir. 2006)).

[8] Proposed Am. Compl. ¶ 69(c).

[9] Indeed, Plaintiffs have demonstrated elsewhere in the complaint that they are capable of distinguishing between the consuming public generally and the Plaintiffs in this action. When alleging that Kadant Composites' marketing practices deceived the public about the safety of GeoDeck, Plaintiffs contend that "Defendants' unlawful conduct . . . had the capacity to mislead or deceive consumers, including Plaintiffs and members of the proposed Class. Such unlawful conduct did mislead and deceive Plaintiffs and the members of the propose Class, and continues to do so." Proposed Am. Compl. ¶ 125 (emphasis added).

The other new allegations in the Proposed Amended Complaint do not make up for this key failing. Plaintiffs rely, for example, on the fact that Kadant, Inc. owned and operated the GeoDeck website to show consumer confusion with respect to the identity of the product warrantor and manufacturer.[10] The First Circuit found similar allegations insufficient in <u>Platten</u>. There, the plaintiffs alleged, among other things, that the defendants had "held [themselves] out as one 'professional services firm' on [their] website," but the court held that "these allegations do not meet the standard for disregarding corporate form."[11] In any case, the GeoDeck warranty as it appeared on the website dispels any confusion regarding the identity of the product warrantor by plainly informing warranty claimants to "submit [their] claim[s] . . . to Kadant Composites Inc."[12] Similarly unavailing is Plaintiffs' allegation that Kadant, Inc. and Kadant Composites share the same officers and directors. "That a parent and a subsidiary share common officers, by itself, is not enough to support the alter-ego theory."[13]

Because the Proposed Amended Complaint fails to adequately plead confusion on the part of Plaintiffs, the amended piercing claims would be futile. Accordingly, Plaintiffs' Motion is DENIED with respect to any claim against Kadant, Inc.

B.  <u>Composites LDI Co.</u>

The Proposed Amended Complaint also seeks to correct Plaintiffs' failure to make out a

---

[10]<u>See</u> Proposed Am. Compl. ¶ 69(c).

[11]<u>Platten</u>, 437 F.3d at 128.

[12]Zimmerman Aff., Ex. A at ¶ 2, Feb. 10, 2009.

[13] <u>See</u> <u>Am. Home Assurance Co. v. Sport Maska, Inc.</u>, 808 F. Supp. 67, 73 (D. Mass. 1992).

case for successor liability on the part of Defendant LDI Composites Co. ("LDI Composites").[14] Plaintiffs' original claims for successor liability failed because Kadant Composites clearly retained liabilities in the sale. Plaintiffs seek to resurrect their successor liability claims by alleging that after the asset transfer, Kadant Composites was no more than a shell for purposes of the Warranty Fund.

To meet the "'continuation' exception to the general rule of nonliability," as Plaintiffs seek to do here, a plaintiff must show a "continuity of directors, officers, and stockholders; and the continued existence of only one corporation after the sale of assets."[15] Even assuming that Kadant Composites' limited function after the asset transfer resulted in the de facto existence of only one corporation, Plaintiffs still fail to meet the "mere continuation" exception because the Proposed Amended Complaint nowhere alleges a continuity of directors, officers, or stockholders.

Nor do the facts in the Proposed Amended Complaint state a claim for successor liability under the fraud exception. Plaintiffs offer only a conclusory assertion that the sale was for less than fair market value. The Proposed Amended Complaint fails to allege fraud with the particularity required under Rule 9(b).[16]

Plaintiffs' amended successor liability claims are thus futile, and Plaintiffs' Motion is DENIED with respect to any claims Plaintiffs seek to bring against LDI Composites.

C.   Kadant Composites

Finally, Plaintiffs seek to add breach of express warranty claims and federal warranty

---

[14] Plaintiffs dropped their claim against Liberty Diversified, Inc. ("LDI") and added LDI Composites Co., the LDI subsidiary that purchased GeoDeck.

[15] McCarthy v. Litton Indus., 570 N.E.2d 1008, 1012–13 (Mass. 1991).

[16] See Kolancian v. Snowden, 532 F. Supp. 2d 260, 264 (D. Mass. 2008).

claims under the Magnuson-Moss Warranty Act against Kadant Composites.  In reviewing Plaintiffs' request to amend their claims against Kadant Composites, this court must examine "the totality of the circumstances and . . . exercise its informed discretion in constructing a balance of pertinent considerations."[17]

One practical circumstance weighing against permitting Plaintiffs' action to proceed against Kadant Composites is that the company is now "defunct."[18]  It is not apparent whether Plaintiffs would even desire to proceed with an action against Kadant Composites in light of this court's above rulings with respect to Kadant, Inc. and Composites LDI.

More importantly, Plaintiffs' new warranty claims are not predicated on any new facts.[19] Plaintiffs have offered no reason why they failed to raise these claims until after their original complaint was dismissed a year into the litigation.  Plaintiffs have evidently adopted a "wait-and-see-what-happens approach," opting "to oppose [the motion] to dismiss on the grounds that their complaint was, in their view, sufficiently pleaded, rather than [seek amendment] during the necessarily lengthy period during which the motion[] to dismiss [was] being considered."[20]  Had Plaintiffs alleged facts sufficient to overcome the other deficiencies in the original Complaint, leave to file an amended complaint may have been appropriate.  But given Plaintiffs' long delay in

---

[17]Palmer v. Champion Mortg., 465 F.3d 24, 31 (1st Cir. 2006).

[18]Proposed Am. Compl. ¶ 69(g) (alleging that Kadant Composites' "Certificate of Authority to transact business has been revoked" and that the company "has failed to file an Annual Report with the State of Massachusetts since 2007").

[19]See Palmer, 465 F.3d at 31 ("This is not an instance in which newly discovered evidence, not previously available, suddenly came to light; the plaintiff was aware of the factual predicate on which her new theory rested before she brought suit.").

[20]In re Stone & Webster, Inc., Sec. Litig., 217 F.R.D. 96, 98–99 (D. Mass. 2003), rev'd on other grounds, 414 F.3d 187 (1st Cir. 2005).

raising these warranty claims, the absence of any new facts relating to primary liability, and Plaintiffs' repeated failure to state a claim against Kadant, Inc. and Composites LDI, Plaintiffs' Motion is DENIED with respect to all claims against Kadant Composites.

III.    Conclusion

For the foregoing reasons, Plaintiffs' Renewed Motion to Amend Terminated Case and for Leave to Amend Complaint [#51] is DENIED.

AN ORDER HAS ISSUED.

    /s/ Joseph L. Tauro
United States District Judge